**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all*
*others similarly situated*


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————————X
                                                      :
NESTOR SAROZA, on behalf of himself and all  :
other similarly situated,                            :
                                                      :
                        Plaintiff,              :      Civil Action No.
                                                      :
vs.                                                  :      **CLASS ACTION COMPLAINT AND**
                                                      :      **JURY TRIAL DEMAND**
LYONS, DOUGHTY & VELDHUIS, P.C.,     :
                                                      :
                        Defendant.            :
                                                      :
——————————————————————X


Plaintiff NESTOR SAROZA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendant LYONS, DOUGHTY & VELDHUIS ("Defendant"), their employees, agents, and successors, the following:


**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, and is

a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Lyons, Doughty & Veldhuis, P.C. ("Lyons") is a law firm with offices in

Mt. Laurel, New Jersey.

9.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class consists of:

•    All New Jersey consumers who were sent letters and/or notices from Defendant concerning a debt originally owed to Capital One Bank (USA), N.A. in which the collection letter identified a balance which impermissibly included interest, fees, penalties or other unauthorized charges.

• The Class period begins one year prior to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f and 1692f(f)(1);

b. Whether Defendant misrepresented the amount of the alleged debt;

c. Whether the Defendant demanded an amount owed that was greater than the actual balance due;

d. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

e. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and

appropriate statutory formula to be applied in determining such

damages and restitution; and

    f.   Whether Plaintiff and the Class are entitled to declaratory

and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages.  If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.    Prior to 2015, Plaintiff allegedly incurred a financial obligation to Capital One Bank (USA), N.A. ("Capital One").

15.    The Capital One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.    The alleged Capital One obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.    Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.    At some time prior to 2015, the Capital One obligation became past due, and charged off with a balance of $9,971.55.

19.    Capital One then referred the past due obligation for collection to Defendant.

20.    On or about January 19, 2016, Defendant filed suit against Plaintiff in The

6

Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County, Dkt.

No. DC-000665-16 in the case of <u>Capital One Bank (USA), N.A. v. Saroza,</u> seeking to

collect on the Capital Once obligation with a balance due of $9,971.55.   See, attached

Exhibit A.

21.    On January 25, 2016, Defendant sent to Plaintiff a collection letter

indicating that the amount due was $10,053.55.  See, attached Exhibit B.

22.    Defendant was not entitled to demand $10,053.55 since it impermissibly

sought to collect interest, fees, or other unauthorized charges that were not yet due.

23.    The January 25, 2016 collection letter was sent to Plaintiff in connection

with the collection of the Capital One obligation.

24.    The January 25, 2016 letter was a "communication" as defined by 15

U.S.C. §1692a(2).

25.    Plaintiff suffered injury in fact by being subjected to unfair and abusive

practices of Defendant.

26.    Plaintiff suffered actual harm by being the target of Defendant's

misleading debt collection communications.

27.    Defendant violated Plaintiff's rights not to be the target of misleading debt

collection communications.

28.    Defendant violated Plaintiff's right to a trustful and fair debt collection

process.

29.    Under the FDCPA, Plaintiff had the right to receive certain information

from Defendant.

30.    Plaintiff had the right to receive from Defendant accurate information as

to amount of the debt.

31.    Defendant's January 25, 2016 collection letter which unlawfully sought the collection of certain amounts caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information as to the actual amount of the alleged debt that was owed.

32.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

34.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

35.    Plaintiff's receipt of a collection letter which wrongly assessed interest, fees, or other charges is a concrete injury.

36.    The failure of Defendant to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

37.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted Plaintiff's ability to decide on how to proceed with respect to the matter –

will Plaintiff hire an attorney, self-represent, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

38.    Defendant's providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact Plaintiff's ability to get credit, and can subject Plaintiff to higher borrowing cost in the future.

39.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

40.    Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

41.    Plaintiff repeats the allegations contained in paragraphs 1 through 40 as if the same were set forth at length.

42.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

43.    By sending collection letters, the same as or substantially similar to the May 18, 2015 letter, which identified an amount owed that was greater than the actual balance due, violated several provisions of the FDCPA, including, but not limited:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

9

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.   15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.   15 U.S.C. § 1692e(10) of the FDCPA by of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

E.   15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

F.   15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.


Dated:  Rutherford, New Jersey
          January 25, 2016

                                        Respectfully submitted,



                              By: s/ Lawrence C. Hersh
                                   Lawrence C. Hersh, Esq.
                                   17 Sylvan Street, Suite 102B
                                   Rutherford, NJ  07070
                                   (201) 507-6300
                                   *Attorney for Plaintiff, on behalf of*
                                   *himself and all others similarly situated*



## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

       I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: January 25, 2017                By: s/ Lawrence C. Hersh

                                            Lawrence C. Hersh, Esq




11

EXHIBIT A



*Lyons, Doughty & Veldhuis, P.C.*

136 Gaither Drive • Suite 100 • P.O. Box 1269 • Mt. Laurel, NJ 08054
Two Owings Mills Corp. Ctr. • 10461 Mill Run Circle • Suite 825
• Owings Mills, MD 21117
Email: info@ldvlaw.com • Website: www.ldvlaw.com
Toll-Free: (888) 322-3922 (NJ) Phone: (856) 222-0166 • Fax: (856) 222-1711 •
(888) 299-0499 (MD)      Reply to NJ Address

January 25, 2016

NESTOR SAROZA
522 29TH ST
UNION CITY NJ 07087-3804

Re:    Capital One Bank (USA), N.A. v. NESTOR SAROZA
       Docket No. DC-000665-16
       Amount Due: $10,053.55

Dear NESTOR SAROZA :

        We have filed suit to recover the balance due in the above matter. However, our goal is to resolve the debt in a way that is manageable for you. We encourage you to contact us. If you would rather not call us, **you can ask questions and/or make a settlement offer or payment arrangement proposal via our website: www.ldvlaw.com.** We will respond promptly via Email or phone, as you direct. We hope to hear from you.

                                              Very Truly Yours,

BY: _____            BY: _____
        David R. Lyons, Esquire                   _____ Lauren Linker Keating, Esquire
   ☒  Hillary Veldhuis, Esquire                   _____ Craig H. Lyons, Esquire
   _____ Laurie H. Lyons, Esquire                 _____ Seth Yeager, Esquire

## THIS FIRM IS A DEBT COLLECTOR

---

David R. Lyons *
Stephen P. Doughty * ★
Hillary Veldhuis * ★
Laurie H. Lyons * ▲
Michele R. Gagnon ▲
Lauren Linker Keating * ▲        Craig H. Lyons*
Seth Yeager * ★ ▲
Nathan D. Willner, Of Counsel ▲

PAYMENTS AND INQUIRIES CAN BE MADE
ONLINE AT WWW.LDVLAW.COM

Admitted in:
*    New Jersey
★   Delaware
▲   Maryland

EXHIBIT B



| Court's Address and Phone Number: | **Superior Court of New Jersey** |
|---|---|
| Hudson Special Civil Part | **Law Division, Special Civil Part** |
| 595 Newark Avenue | **HUDSON** County |
| Jersey City, NJ 07306-0000 | Docket No: **DC-000665-16** |
| (201) 795-6680 | **Civil Action** |
| | **Contract Reg** |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| Capital One Bank (USA), N.A. | NESTOR SAROZA |

| **Plaintiff's Attorney Information** | **The Person or Business Suing You Claims You Owe the** |
|---|---|
| Lauren Keating | **Following:** |

| | |
|---|---|
| Lyons Doughty Veldhuis | Demand Amount | $9971.55 |
| 136 Gaither Drive Suite 100 | Filing Fee | $0.00 |
| Mount Laurel, NJ 08054-174 | Service Fee | $0.00 |
| (856) 222-0166 | Attorney's Fees | $0.00 |
| | **TOTAL** | **$9971.55** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 03/03/2016, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Clerk's Offices or on the Judiciary's Internet site www.njcourts.com under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include **DC-000665-16** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **03/03/2016**.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **03/03/2016**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 201-792-6363. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-798-2727. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Name   **Michelle Vicari**

Acting Deputy Clerk of the Superior Court

Lyons, Doughty and Veldhuis, P.C.
136 Gaither Drive, Suite 100
Po Box 1269
Mt Laurel, NJ 08054
Telephone: (856) 222-0166
Attorneys for Plaintiff
___ Laurie H. Lyons, Esq. 019532002
_x_ Lauren Linker Keating, Esq. 016332009
___ Craig H. Lyons, Esq. 042701999
___ Seth Yeager, Esq. 015742010

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| | SPECIAL CIVIL PART |
| | HUDSON COUNTY |
| | DOCKET NO.  **DC-000665-16** |
| CAPITAL ONE BANK (USA), N.A. | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : COMPLAINT |
| NESTOR SAROZA | : |
| Defendant(s). | : |

Plaintiff, by way of Complaint, says:

1.  Defendant(s) is/are indebted to Plaintiff in accordance with the exhibit(s) attached hereto as Exhibit A.

2.  The Defendant(s) defaulted in that Defendant(s) failed to make the payments due, and Plaintiff has elected the entire unpaid balance to be due and payable.

3.  There is now due from Defendant(s) to Plaintiff the following:

    BALANCE DUE                                    $9,971.55

WHEREFORE, plaintiff demands judgment for the above total due, plus costs. Plaintiff is not seeking attorney's fees or pre judgment interest and waives post judgment interest.

### SECOND COUNT

4.  Plaintiff incorporates the allegations of the First Count as though set forth at length herein.

5.  Defendant is indebted to Plaintiff based on account stated.

WHEREFORE, plaintiff demands judgment for the total due in paragraph 3 above and costs of suit. Plaintiff is not seeking attorney's fees or pre judgment interest and waives post judgment interest.

## THIRD COUNT

6.    Plaintiff incorporates the allegations of the First and Second Counts as though set forth at length herein.

7.    Defendant has been unjustly enriched at plaintiff's expense.

WHEREFORE, plaintiff demands judgment for the total due in paragraph 3 above and costs of

suit. Plaintiff is not seeking attorney's fees or pre judgment interest and waives post judgment interest.

Dated 1/18/16

Lyons, Doughty and Veldhuis, P.C.
Attorneys for Plaintiff
___ S/ Laurie H. Lyons
Laurie H. Lyons, Esquire
_x_ S/ Lauren Linker Keating
Lauren Linker Keating, Esquire
___ S/ Craig H. Lyons
Craig H. Lyons, Esquire
___ S/ Seth Yeager
Seth Yeager, Esquire

## RULE 4:5-1 CERTIFICATION

The undersigned attorneys for plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated 1/18/16

Lyons, Doughty and Veldhuis, P.C.
Attorneys for Plaintiff
___ S/ Laurie H. Lyons
Laurie H. Lyons, Esquire
_x_ S/ Lauren Linker Keating
Lauren Linker Keating, Esquire
___ S/ Craig H. Lyons
Craig H. Lyons, Esquire
___ S/ Seth Yeager
Seth Yeager, Esquire