# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Nestor SAROZA, | |
| Plaintiff, | Civil No. 17-0523 (RBK/AMD) |
| v. | **OPINION** |
| LYONS, DOUGHTY & VELDHUIS, P.C., | |
| Defendant. | |

This case is about $82.00. That sum is the value of a court filing fee and a service fee connected to a credit card debt collection action. Plaintiff Nestor Saroza has sued Defendant, a law firm representing a client seeking to recover a debt, on the theory of a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This matter comes before this Court on Defendant's Motion to Dismiss Complaint, or in the Alternative Motion for Summary Judgment (Doc. No. 7), and the Response (Doc. No. 9) and Reply (Doc. No. 12) thereto. Saroza brings this action as a member of a putative class under Fed. R. Civ. P. 23. After converting the motion to dismiss to a motion for summary judgment, we directed the parties to submit supplemental briefing on the matter.

We are asked to determine whether the difference between the $9,971.55 in a Superior Court Complaint and the $10,053.55 in a letter sent to Saroza, or $82.00 in costs, violates the FDCPA. We hold that so long as the included costs are accurate, it does not. Defendant's motion is **GRANTED**.

## I. THE FACTS

Capital One Bank (USA), N.A. filed suit in the Superior Court of New Jersey against Saroza on January 19, 2016, seeking recovery of $9,971.55 in credit card debt that Saroza had allegedly failed to pay. Capital One also sought costs in the complaint, but not attorneys' fees or interest. Counsel for Capital One, and Defendant in this action, paid $75.00 to file and $7.00 for service, a sum of $82.00. (Def. Br. Ex. 2.) The court-issued summons sought $9,971.55 and made no mention of the filing fee or service fee, though it does say the action would be inclusive of court costs if Saroza failed to respond. (Compl. Ex. B.)

Defendant sent a January 25, 2016 letter to Saroza after it filed, whose pertinent parts follow:

> LYONS, DOUGHTY & VELDHUIS, P.C. . . .
>
> Re: Capitol One Bank (USA), N.A. v. NESTOR SAROZA
> Docket No. DC-00065-16
> Amount Due: $10,053.55
>
> Dear NESTOR SAROZA:
>
> We have filed suit to recover the balance due in the above matter. However, our goal is to resolve the debt in a way that is manageable for you. We encourage you to contact us. If you would rather not call us, you can ask questions and/or make a settlement offer or payment arrangement proposal via our website: www.ldvlaw.com . . . .
>
> THIS FIRM IS A DEBT COLLECTOR

(Compl. Ex. A.) It is Saroza's contention that this letter fails to state that the $82.00 is not part of the debt. But the Capital One Customer Agreement for the credit card does have that language, such as "[w]e may consider you in default of your Agreement with us if: (1) you do not make any payment when it is due." (Def. Br. Ex. 3, Ex. A.) It also provides:

> [I]f you are in default, we may take the following actions without notifying you, unless the law says that we must notify you:

> . . . (6) pursue any other action against you that the law allows, which includes the filing of a lawsuit against you.
>
> You must pay us all of our collection expenses, attorneys' fees and court costs unless the law does not allow us to collect these amounts.

(*Id.*)

Defendant has presented an affidavit by one Jacqueline Faulkner, a Capital One Litigation Support Representative, that provides some further background on this Agreement. (*Id.* at Ex. 3.) Faulkner states that she has "personal knowledge of the manner and method by which Capital One creates and maintains its business records," and further states that the above Agreement was provided to Saroza when she applied for a credit card. (*Id.*) Faulkner also indicates that the outstanding debt at the time the date of charge-off, i.e., the closing of the credit card account, was $9,971.55. (*Id.*) This is not seriously disputed.

With all this in the backdrop, Saroza filed a one-count class action lawsuit, which engages in a conclusory recital of the various elements and definitions of a FDCPA claim. Defendant first moved for dismissal under Federal Rule of Procedure 12(b)(6), but because of the inclusion of extrinsic evidence in its filing papers, the Court has converted that motion to one for summary judgment.

## II. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs

the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x. 353, 354 (3d Cir. Sept. 17, 2007) (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

In the Third Circuit, communications from lenders to debtors subject to the FDCPA are analyzed from the perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). The goal is to protect "all consumers, the gullible as well as the shrewd." *Id.* (quotations omitted). A degree of care in choice of words is therefore required. "[M]ore is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). However, the FDCPA prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55 (quotations and citations omitted).

Saroza alleges that collection letters which do not explain the filing fees of a related court proceeding to collect on a debt violate the FDCPA. The Act provides that "[a] debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. § 1692e. This provision prohibits "the false representation of the character, amount, or legal status of any debt [] or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." § 1692e(2). The Act also bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10).

Defendant is plainly a debt collector who is bound by these provisions, but the letter Defendant sent to Saroza is not "false" under the FDCPA. It accurately describes the relationship between the parties. Saroza had an account with Capital One, allegedly defaulted, and Capital One filed a lawsuit seeking recovery on the debt. Defendant then sent a letter notifying Saroza of this

that included in the requested sum the $82.00 filing and service fee. Saroza was on notice that this could happen—the Customer Agreement said she would be on the hook for costs if it came to that. But Saroza nonetheless argues that the letter makes a false representation. In essence, the line Saroza wants this Court to draw seems to be that collection notices which say "with costs" are permissible under the FDCPA but those that add the costs into the requested sum are not. That is a distinction without a difference, at least where there is no dispute that the costs are accurate.

Saroza also argues that the state-court summons's omission of the $82.00 in fees means the letter, which includes those fees, misleads the "least sophisticated consumer" into misinterpreting the summons and complaint. At the outset we note that Defendant did not issue the summons; the Superior Court of New Jersey did. It is unclear why this affects Defendant's liability for accurately stating Saroza could owe its creditor costs. But that said, the summons should have lead Saroza to a different conclusion. The letter seeks recovery of $10,053.55 on behalf of Capital One. It says there has been a suit filed against Saroza by Capital One. The Agreement had put Saroza on notice about potentially paying costs if this happened. Checking the docket number in the letter would also reveal the complaint clearly sought $9,971.55 plus costs. We will assume for the sake of the law's operation that even the least sophisticated consumer reads the complaint for a summons served on him. Thus, to the extent the summons means anything here, it shows the letter was not misleading. This leads to but one conclusion.

## IV. CONCLUSION

Saroza's suit is without merit. Defendant's motion is **GRANTED**. An order follows.

Dated:      12/19/2017                                         s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge