UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                                    :
NESTOR SAROZA, on behalf of himself and all         :
other similarly situated,                           :
                                                    :
                        Plaintiff,                  :   Civil Action No. 1:17-cv-00523-RBK-
                                                    :   AMD
vs.                                                 :
                                                    :
LYONS, DOUGHTY & VELDHUIS, P.C.,                    :
                                                    :
                        Defendant.                  :
                                                    :
                                                    :
—————————————————————X

_____

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

_____

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all
others similarly situated*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

PRELIMINARY STATEMENT ...................................................................... 1

STATEMENT OF FACTS ............................................................................ 2

ARGUMENT ....................................................................................... 3

   I.  SUMMARY JUDGMENT STANDARD ............................................................3

   II.  PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS
      FDCPA CLAIMS ........................................................................4

   III. DEFENDANT VIOLATED SECTIONS 1692e AND 1692f SINCE IT
      PREMATURELY SOUGHT TO COLLECT COURT COSTS IN THE
      COLLECTION LETTER……………………………………………………………7

      A.  It is well Established that a Debt Collector's Attempt to Collect more
         than it is entitled violates sections 1692 and 1692f of the FDCPA...……….8

      B.  Defendant Cannot Rely on the Capital One Agreement to Support its
         claim that it was Entitled to collect the $82.00 in Court Costs
         prior to Entry of a Judgment………..……………………………………… … 9

      C.  Defendant's Seeking to Recover $82.00 which it was not entitled to is
         Material under Section 1692e……………………………………………..12

   IV. EVEN IF UNDER THE DEFAULT LANGUAGE DEFENDANT WERE
      ENTITLED TO SEEK RECOVERY OF COURT COSTS PRIOR TO
      JUDGMENT, THE COLLECTION LETTER  VIOLATED THE FDCPA
      IN LIGHT OF THE STATE COURT SUMMONS AND COMPLAINT
      FILED AND SERVED A WEEK EARLIER…………………………………..14

      A.  The Summons included a $0.00 Amount for both the Filing
         and Service Fees………………………………………………………15

      B.  The Collection Letter was also Confusing since the Complaint
         Referenced "Costs of Suit" and "Costs" and did not identify $82.00
         in Courts Costs…………………………………………………………..18

i

"Costs" and failure to mention to the amounts of each only further Confuses the Issue of What amount Defendant was seeking in the Collection Letter………………………………………………………………15

V,   DEFENDANT VIOLATED THE FDCPA SINCE THE COLLECTION LETTER FAILED TO ITEMIZE THE $82.00 IN COURT COSTS………........20

VI.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR AS TO DEFENDANT'S BONA FIDE ERROR DEFENSE………...22

A.  Defendant has failed to Establish a Bona Fide Error as a Matter of Law as to its Misinterpretation of the Capital One Cardholder Agreement Language regarding the Recovery of Court Costs………………23

1.  Defendant Waived the Bona Fide Error Defense by failing to testify at the 30(b)(6) deposition about Defendant's Maintenance of Procedures Reasonably Adapted to Avoid any Such Error……………...24

2.  Defendant's Error was Not Bona Fide…………………………………..24

3.  Defendant did not Maintain Procedures Reasonably Adapted to Avoid the Error……………………………………………………………..27

B.  Defendant has not Established a Bona Fide Error Defense as to its Failure to Indicate in the Collection Letter that the Total Balance Included Court Costs……………………………………………………………28

C.  Defendant has Not Established a Bona Fide Error Defense as to why it Entered $0.00 for Court Costs when it Filed the State Court Action………..28

D.  Defendant has Not Established a Bona Fide Error Defense as to its Failure to check the Court generated summons for Error…………………………  29

E.  Defendant has not Established a Bona Fide Error Defense as to its Use in the complaint of the terms "Costs" and  "Costs of Suit" rather than "Court Costs"……………………………………………………29

CONCLUSION..............................................................................................................30

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### <u>Cases</u>

2017 WL 1113322 (E.D. Tex. 2017) ..................................................... 26

Agostino v. Quest Diagnostics, Inc.,
  2011 WL 5410667 (D.N.J. Nov. 3, 2011)................................................ 23

Beasley v. Blatt,
  1994 WL 362185 (N.D. Ill. July 11, 1994) ............................................. 25

Beck v. Maximus, Inc.,
  457 F.3d 291 (3d Cir. 2006)................................................................... 23

Brown v. Card Serv. Ctr.,
  464 F.3d 450 (3d Cir. 2006).............................................................. 4, 8

Bynum v. Cavalry Portfolio Servs., L.L.C.,
  2006 WL 850935 (N.D. Okla. Mar. 30, 2006).................................... 25

Campuzano-Burgos v. Midland Credit Mgmt., Inc.,
  550 F.3d 294 (3d Cir. 2008) ................................................................... 6

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ............................................................................... 3

Champion v. Target Nat'l Bank, N.A.,
  2013 U.S. Dist. LEXIS 188123, *28-31 (N.D. Ga. Mar. 22, 2013) ......... 12

Cohen v. Dynamic Recovery Solutions,
  2016 U.S. Dist. LEXIS 97016, at *14 (D.N.J. July 15, 2016). ............. 14

Cohn v. New Century Fin. Servs., Inc.,
  2016 U.S. Dist.  LEXIS 98008 (E.D.N.Y. June 7, 2016) ................... 12, 18

Cortellessa v. Udren Law Offices P.C.,
  2016 U.S. Dist. LEXIS 117981, *10-11 (E.D. Pa. Sept. 1, 2016)  ............ 21

Crawford v. LVNV Funding, L.L.C.,
  758 F.3d 1254 (11th Cir. 2014)............................................................... 5

Currier v. First Resolution Inv. Corp.,
  762 F.3d 529 (6th Cir. 2014)................................................................... 5

Dougherty v. Wells Fargo Home Loans, Inc.,
  425 F. Supp. 2d 599, (E.D. Pa. 2006) .................................................. 21

Duffy v. Landberg,
  215 F.3d 871 (8th Cir. 2000).................................................................. 5

Evory v. RJM Acquisitions Funding L.L.C.,
  505 F.3d 769 (7th Cir. 2007).................................................................. 5

Fed. Trade Comm'n v. Check Enforcement,
  502 F.3d 159 (3d Cir. 2007)................................................................... 5

Fields v. Wilber Law Firm, P.C.,
  383 F.3d 562 (7th Cir. 2004)................................................................ 20

Garrick v. Hosp. Collection Servs., Inc.,
  1990 U.S. Dist. LEXIS 20961 (D. Conn. Jan. 31, 1990 ....................... 25

Gans v. Mundy,
  762 F.2d 338 (3rd Cir. 1985)............................................................. 3, 4

Genova v. IC Sys.,
   2017 U.S. Dist. LEXIS 80046, *19 (D.N.J. May 25, 2017) .............................. 13, 14
Gonzales v. Arrow Fin. Servs., LLC,
   660 F.3d 1055 (9th Cir. 2011).................................................................................. 4
Goodman v. Southern Credit Recovery, Inc.,
   1999 WL 14004 (E.D. La. Jan. 8, 1999) ................................................................ 25
Griffin v. Andrea Visgilio-McGrath, LLC
   2017 U.S. Dist. LEXIS 111691, *16-17 (D. N.J. July 18, 2017) ........................... 13
Grubb v. Green Tree Servicing, LLC,
   2017 U.S. Dist. LEXIS 117465, (D.N.J. July 27, 2017) ........................................ 21
Grubb v. Green Tree Servicing, LLC,
   2014 U.S. Dist. LEXIS 100886,a t *24-31 (D.N.J. July 2014) ................................ 21
Hassine v. Simon's Agency.,
   2020 WL 3481815 (D.N.J June 26, 2020) ............................................................. 27
Hess v. Lyons, Doughty, Veldhuis, P.C.,
   Civil Action No. 19-09053 (FLW) (D.N.J. Jan. 27, 2020) .................................... 12
Hovermale v. Immediate Credit Recovery, Inc.,
   2016 U.S. Dist. LEXIS 102206 (D.N.J. Aug. 4, 2016) ......................................... 13
Hubbard v. Nat'l Bond & Collection Assocs.,
   126 B.R. 422 (D. Del. 1991) .................................................................................. 25
Infante v. Samara Portfolio Mgmt., LLC,
   2017 WL 1102757 (E.D. Tex. Jan. 20, 2017) ....................................................... 26
Intermodal Mgmt. Sys., LLC v. Worldwide Express, Inc.
   2009 N.J. Super. Unpub. LEXIS 2733, *5 (App. Div. Nov. 2, 2009) .................... 11
J&J Snack Foods, Corp. v. Earthgrains Co.,
   220 F. Supp. 2d 358 (D.N.J. 2002) ......................................................................... 3
Jarzyna v. Home Properties, LP.,
   114 F.Supp.3d 243 (E.D. Pa. July 17, 2015)......................................................... 26
Jensen v. Pressler & Pressler,
   791 F.3d 413 (3d Cir. 2015)............................................................................... 6, 13
Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,
   559 U.S. 573 (2010) .............................................................................................. 24
Johnson v. Riddle,
   443 F.3d 723 (10th Cir. 2006)............................................................................... 23
Kaymark v. Bank of America,
   783 F.3d 168 (3rd Cir. 2015).................................................................................. 8
Kepner-Tregoe, Inc. v. Executive,
   79 F. Supp. 2d 474 (D.N.J. 1999) ........................................................................... 3
Kort v. Diversified Collection Serv.,
   394 F.3d 530 (7th Cir. 2005).................................................................................. 25
LaMonaca v. First States Fin.Servs. Corp.,
   2019 U.S. Dist. LEXIS 107444, (D.N.J. June 26, 2019) .................................. 21,22
Lesher v. Law Offices Of Mitchell N. Kay, PC,
   650 F.3d 993 (3d Cir. 2011).............................................................................. 4, 6
McCollough v. Johnson, Rodenburg & Lauinger,
   637 F.3d 939 (9th Cir. 2011)................................................................................. 23

Parks v. Chlan,
  1996 WL 243473 (D. Md. May 3, 1996) ..................................................... 25
Pollice v. Nat'l Tax Funding, L.P.,
  225 F.3d 379 (3rd Cir. 2000)..................................................................... 8
Seeger v. AFNI, Inc.,
  2007 U.S. Dist. LEXIS 40304, *67 (E.D. Wis. June 1, 2007) 26
Taj Mahal Enters., Ltd. v. Trump,
  745 F. Supp. 240 (D.N.J. 1990) ................................................................. 3
Tesora v. Lyons, Doughty, Veldhuis, P.C.
  2017 U.S. Dist. LEXIS 118394 (D.N.J. July 27, 2017) ........................... 8
Thomas v. Youderian,
  232 F.Supp.3d 656 (D.N.J. 2017) ...................................................... 13, 14
Veach v. Sheetks,
  316 F.3d 690 (7th Cir. 2003)................................................................... 12
Verburg v. Weltman, Weinberg & Reis Co.,
  295 F. Supp. 3d 771 (W.D. Mich. 2018)................................................. 25
Wilhelm v. Credico, Inc.,
  426 F. Supp. 2d 1030 (D.N.D. 2006) ...................................................... 25
Wilhelm v. Credico, Inc.,
  519 F.3d 416 (8th Cir. 2008).................................................................... 23
Zimmerman v. HBO Affiliate Group,
  834 F.2d 1163 (3rd Cir. 1987)................................................................... 5

## Statutes

15 U.S.C. § 1692(a) ......................................................................................... 4
15 U.S.C. § 1692k(c) ..................................................................................... 23
15 USC § 1692a(5) ........................................................................................... 7
15 USC § 1692a(6) ........................................................................................... 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiff Nestor Saroza's ("Saroza" or "Plaintiff") Motion for Summary Judgment against Defendant Lyons, Doughty & Veldhuis, P.C. ("LDV" or "Defendant"). The Class Action Complaint filed in this action alleged that the Defendant violated the Fair Debt Collection Practices Act (the "FDCPA") with respect to a January 25, 2016 collection letter ("the Collection Letter") sent to Plaintiff. (Dkt. No. 1). The Collection Letter sought to collect $10,053.55 related to a defaulted Capital One Bank consumer credit card. Unbeknownst to Plaintiff at the time he received the Collection Letter, the Amount Due in the letter included $82.00 in filing and service costs in addition to the outstanding balance amount of 9,971.55 due on the credit card. The $82.00 in filing and service fees were not itemized in the Collection Letter as court costs or otherwise. At the time the Collection Letter was sent, no judgment had been entered against Plaintiff awarding Capital One the $82.00 in court costs.

The FDCPA prohibits debt collectors from using any deceptive or misleading means to collect a debt. Given that the communication at issue in this case relates to Defendant's January 25, 2016 collection letter, there is no genuine issue of material fact, and as a matter of law it is clear that Defendant violated one or more provisions of the FDCPA. Therefore, it is respectfully submitted that Plaintiff is entitled to an award of summary judgment on his claims that Defendant's actions violated the FDCPA.[1]

---

[1] On September 15, 2020, Plaintiff's Motion for Class Certification, which is now fully brief, was filed with the Court. (Dkt. No. 60). On October 5, 2020, Defendant filed its Motion for Summary Defendant, which is also now fully briefed, and pending before the Court. (Dkt. No. 63).

## STATEMENT OF FACTS

Prior to 2015, Plaintiff allegedly incurred a financial obligation to Capital One Bank (USA), N.A. ("Capital One") regarding a credit card debt.  At some time prior to 2015, the Capital One obligation became past due, and was charged off with a balance of $9,971.55.  (Dkt. No. 1, Exh. B)

On or about January 19, 2016, LDV filed suit against Plaintiff in the Superior Court of New Jersey, Law Division, Special Civil Part, Dkt. No. Hud-DC-000665-16, in the case of Capital One  v. Saroza, seeking to collect on the Capital One credit card debt with a balance due of $9,971.55 ("the State Court Action").  (Dkt. No. 1, Exh. B)

The court generated summons indicated a "$0.00" amount for both the filing fee and service fee.  Additionally, the complaint did not specifically indicate that it was seeking to recover $82.00 in filing and service fees as part of the demand amount.[2]

Approximately one week after Defendant filed the State Court action, Defendant sent Plaintiff a collection letter dated January 25, 2016 ("the Collection Letter") seeking to collect an Amount Due of $10,053.55, reflecting $82.00 more than the amount listed in both the summons and complaint which had been serve upon Plaintiff by mail.  The Collection Letter did not itemize the $82.00 separate and apart from the principal balance amount of $9,971.55 owing on the credit card.  Nothing in the Collection Letter explained the $82.00 difference between the $10,053.55 balance in the Collection Letter and the Total Demand Amount of $9,971.55 sought in the summons and complaint.  Also, the Collection Letter failed to indicate that the Amount Due included $82.00 in filing and service fees related to the then recently filed lawsuit.  Similarly, neither the

---

[2] It is undisputed that the filing fee for the lawsuit was $75.00 and the service fee for the summons was $7.00, which together total $82.00.

2

complaint nor the summons indicated that Defendant was seeking $82.00 in court costs or $82.00 for the filing and service fees.

On January 25, 2017, Plaintiff filed the present putative consumer class action lawsuit charging Defendant with violations of the FDCPA arising from the standardized collection letter it sent to Plaintiff and other consumers in which the Defendant attempted to collect amounts in excess of what Defendant was entitled to collect. This class action lawsuit alleges that such conduct violated sections 1692e and 1692f of the FDCPA.

## **ARGUMENT**

### I.   **SUMMARY JUDGMENT STANDARD**

Summary Judgment is appropriate where, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Once the plaintiff demonstrates an absence of a genuine issue of material fact, the defendant cannot rest on mere allegations, but rather, must present actual evidence that creates a genuine issue as to a material fact for trial. See, Kepner-Tregoe, Inc. v. Executive Department, 79 F. Supp. 2d 474, 486 (D.N.J. 1999), aff'd, 276 F.3d 577 (3d. Cir. 2001). The non-moving party "must establish more than a mere scintilla of evidence in its favor to survive summary judgment," Taj Mahal Enters., Ltd. v. Trump, 745 F. Supp. 240, 245 (D.N.J. 1990), and may not rely upon "bare assertions, conclusory allegations or suspicions." J&J Snack Foods, Corp. v. Earthgrains Co., 220 F. Supp. 2d 358, 364 (D.N.J. 2002) (quoting Gans v. Mundy, 762 F.2d 338, 342 (3rd Cir. 1985)).

II.     **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS FDCPA CLAIMS**

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).  At that time, Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, Id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act.  Id.  § 1692k.

Because the FDCPA is a remedial statute, its language is construed broadly so as to effect its purpose.  Lesher v. Law Offices Of Mitchell N. Kay, PC, 650 F.3d 993, 996-97 (3d Cir. 2011).  Accordingly, in the Third Circuit, communications from debt collectors to consumers are analyzed from the perspective of the "least sophisticated debtor."  Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006).  "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id. at 453.  The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."  Gonzales v. Arrow Fin. Servs.,

LLC, 660 F.3d 1055, 1061 (9th Cir. 2011).  The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors.  Duffy v. Landberg, 215 F.3d 871, 874–75 (8th Cir. 2000); *see also,* Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 774 (7th Cir. 2007) (cautioning that "if the debt collector has targeted a particularly vulnerable group," "the benchmark for deciding whether the communication is deceptive would be the competence of the substantial bottom fraction of that group").

A basic tenet of the FDCPA is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner.  Fed. Trade Comm'n v. Check Enforcement, 502 F.3d 159, 169 (3d Cir. 2007).  [T]he legislative history indicates clearly that it is exactly such a person, i.e., one who has contracted for goods or services and is unable to pay for them, that Congress intended to protect. Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168 (3rd Cir. 1987).

 "The Act prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice, which enables 'the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.' "  Currier v. First Resolution Inv. Corp., 762 F.3d 529, 533 (6th Cir. 2014). See also Crawford v. LVNV Funding, L.L.C., 758 F.3d 1254, 1257 (11th Cir. 2014) (FDCPA imposes " 'open-ended prohibitions . . . on false, deceptive, or unfair' debt-collection practices").

A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate." . . . This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor.  Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008).

Courts have not hesitated to grant summary judgment to consumers suing under the FDCPA, where the collection activity was deceptive and misleading as a matter of law. *See e.g.,* Lesher v. Law Offices Of Mitchell N. Kay, PC*,* 650 F.3d 993, 995 (3d Cir. 2011) (granting summary judgment to a consumer, finding that the collection letter would mislead the least sophisticated consumer as to the involvement of an attorney in the collection process).  To prevail on an FDCPA claim, "a plaintiff must prove that:  (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015).

In the present case, the first three elements of Plaintiffs' *prima facie* claim are not contested.  The FDCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 USC § 1692a(3).  Plaintiff is clearly a natural person.  (Saroza  Decl. ¶ 5;  Hersh, Decl. ¶ 6, Exh. E).  As such, there is no dispute as to the first element that Plaintiff is a consumer.

Similarly, the FDCPA defines "debt," to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for

personal, family, or household purposes." 15 USC § 1692a(5).  In the present case, the

subject debt is for an unpaid Capital One, N.A. credit card account.  (Saroza  Decl. ¶ 5;

Hersh, Decl. ¶ 6, Exh. E).  As such, Plaintiff is clearly a consumer and the Capital One

credit card is a debt within the meaning of the FDCPA**.**

      Furthermore, Defendant's sending of the February 27, 2016 collection letter to

Plaintiff was clearly an attempt to collect the debt from Plaintiff.  (Saroza  Decl. ¶ 5)

It is further beyond dispute that Defendant LDV is a 'debt collector' within the meaning

of the Act.  The FDCPA defines a "debt collector" as "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose

of which is the collection of any debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC

§ 1692a(6).   In the present case, Defendant does not dispute that it is a debt collector.

(See, Hersh, ¶ 6, Exh. E).  As such, the second and third prongs are also satisfied.

      Thus, in order to establish a prima facie violation of the FDCPA it is only

necessary for Plaintiff to establish the fourth prong that Defendant has violated one or

more sections of the FDCPA.

### III.   DEFENDANT VIOLATED SECTIONS 1692e AND 1692f SINCE IT PREMATURELY SOUGHT TO COLLECT COURT COSTS IN THE COLLECTION LETTER

      At the time Defendant sent Plaintiff the Collection Letter there was no basis for

Defendant to include in the Amount Due of $10,053.55, $82.00 in filing and service fees

related to the filing and service of the state court action, since no judgment had yet to be

entered against Plaintiff.  While LDV has argued in its Motion for Summary Judgment

that LDV was entitled to collect the $82.00 in court costs prior to judgment based upon

the language contained in the Capital One cardholder agreement, this is incorrect.  The

credit card agreement when read in conjunction with New Jersey Court Rules does not

provide for the recovery of court costs prior to the entry of judgment.

**A. <u>It is well Established that a Debt Collector's Attempt to Collect more than it is entitled violates sections 1692e and 1692f of the FDCPA</u>**

Section 1692e of the FDCPA prevents a debt collector from using any false,

deceptive or misleading representation or means in connection with the collection of any

debt.  15 U.S.C. § 1692e.  Under Section 1692e, a debt collection letter is deceptive

where it can be reasonably read to have two or more different meanings, one of which is

inaccurate."  <u>Brown v. Card Service Center</u>, 464 F. 3d. 450, 453 (3d Cir. 2006).

Subsection 1692e(2) of the FDCPA, in addition to prohibiting a false statement of the

total amount of debt, also prohibits false statements of the amount of the fees, charges,

and interest which are included in the debt.

Section 1692f of the FDCPA prohibits a debt collector from using unfair or

unconscionable means to collect or attempt to collect a debt.  15 U.S.C. § 1692f;  See,

<u>Pollice v. Nat'l Tax Funding, L.P.</u>, 225 F.3d 379 (3rd Cir. 2000).  Subsection 1692f(1) of

the FDCPA specifically prohibits the collection of any amount, including, any interest,

fee charge or expense incidental to the principal obligation, unless such amount is

expressly authorized by the agreement creating the debt or permitted by law.  See,

<u>Kaymark v. Bank of America</u>, 783 F.3d 168 (3rd Cir. 2015) (the Third Circuit reversed

the lower court's dismissal of claims under sections 1692e(2)(A), 1692e(10), and

1692f(1) where the foreclosure attorneys included in the state foreclosure complaint a

current balance stating attorney fees and property inspection fees for work that had not

yet been performed); <u>Tesora v. Lyons, Doughty, Veldhuis, P.C.</u>  2017 U.S. Dist. LEXIS

118394 (D.N.J. July 27, 2017) (the Court declined to dismiss the section1692e and f

claims against LDV where in addition to the judgment amount, LDV sought to collect a

$35.00 fee which it alleged was required by the court to satisfy the judgment).

Thus, the general rule is that the attempt by a debt collector to collect more than it

is entitled to constitutes a violation of the FDCPA.

**B.** **Defendant Cannot Rely on the Capital One Agreement to Support its claim that it was Entitled to collect the $82.00 in Court Costs prior to Entry of a Judgment**

Defendant relies upon the language in the Capital One Customer Agreement (the

"Agreement") to support its claim that it was entitled to collect $82.00 for the state action

court costs ($75.00 filing fee and $7.00 service fee) prior to the entry of judgment against

Plaintiff.  The Capital One Customer Agreement includes the following language in the

Account Default section (hereinafter "the Default Language"):

> You must pay us all of our collection expenses, attorneys' fees
> and court costs **unless the law does not allow us to collect
> these amounts**.

(Def.'s Motion for Summary Judgment, Faulkner Decl., Exh. 1, p. 4) (emphasis added).

Based upon the Default Language, Defendant claims that it is entitled to seek recovery of

"court costs" prior to entry of a judgment.  Plaintiff does not dispute that **after** a

judgment is entered against a debtor, the debt collector on behalf of the creditor is entitled

to seek to recover court costs in a collection letter.

However, LDV was not entitled to seek to recover court courts in the Collection

Letter since it was mailed to Plaintiff **prior** to the entry of any judgment against Plaintiff.

Further, the Default Language does not allow the recovery of court costs prior to the

entry of a judgment.  Specifically, the Default Language in the Agreement contains a

restriction allowing the recovery of collection expenses, attorneys' fees and court costs

"**unless the law does not allow us to collect these amounts.***"*

Arguably, "collection expenses" and "attorneys' fees" can be incurred **prior** to

the institution of legal proceedings, since the creditor may pay an attorney to handle a

collection matter on an hourly basis prior to the filing of a lawsuit.  Similarly, collection

expenses can also accrue prior to a lawsuit being filed, if a debt collector is hired and

incurs collection expenses.

However, "court costs" are inherently different.  "Court costs" can only be

incurred once a legal proceeding is instituted in court.  Thus, there can be no court costs

incurred until a lawsuit has been filed.  In the present case, Defendant filed the State

Court Action in the New Jersey Superior Court Law Division, Special Civil Part, and

presumably incurred an $82.00 fee for the filing and service of the lawsuit.[3]

Yet, the New Jersey Rules of Court limit when court costs can be recovered as

part of a civil lawsuit and the rules are quite clear as to when this is.  In fact, the New

Jersey Rules of Court expressly provide for the recovery of court costs **only** once a party

to a lawsuit has prevailed:

**4:42-8. Costs**

(a) Parties Entitled. Unless otherwise provided by law, these rules or court
order, costs shall be allowed as of course to **the prevailing party**. The action of
the clerk in taxing costs is reviewable by the court on motion.

---

[3] The Court should take judicial notice of the fact that lawsuits filed in the Special Civil
Part are served by mail, using both certified and regular mail of the lawsuit which is done
by the Special Civil Part clerk's office of the County where the case is filed.  See, also
Garner depo transcript.  (Garner Tr. 63: 13-21).

(N.J. Rule of Court, R.  4:42-8) (emphasis added).[4]  Additionally, Rule 6:6-5 provides

with respect to Special Civil Part cases:

**6:6-5. Judgment; Costs**

Upon receipt of the verdict of a jury, upon determination by a judge sitting
without a jury, or upon other determination by a judge, the clerk shall note the
judgment on the jacket and it shall take effect forthwith. The clerk shall thereupon
enter the judgment and **tax the costs**.

(R. 6:6-5; Intermodal Mgmt. Sys., LLC v. Worldwide Express, Inc., 2009 N.J. Super.

Unpub. LEXIS 2733, *5 (App. Div. Nov. 2, 2009)) (emphasis added).  Thus, it is clear

under the New Jersey Rules of Court that **court costs can only be recovered after a**

**judgment is entered**.

Since the New Jersey court rules only allow for the recovery of court costs once a

party has prevailed, the Default Language in the Agreement must be read to only allow

for the recovery of  "court costs" after the creditor has prevailed in the state court action.

To allow the creditor to recover court costs prior to prevailing would be contrary to the

New Jersey Rules of Court which only allow for the recovery of court costs to a

prevailing party.

Furthemore, to understand the Default Language to allow for the recovery of

court costs prior to judgment would yield an incongruitous result since a debtor could

prevail in the state court action, but still be obligated to pay court costs, even if the debtor

were the prevailing party.  However, such a result would be fundamentally unfair to the

debtor who has sucessfully defended a collection lawsuit only to be forced to pay court

costs as the prevailing party.  Therefore, the Default Language when read in conjunction

with the New Jersey Court Rules, can only be interpreted to mean that the debtor is only

---

[4] Rule 4:42-8  is applicable to Special Civil Part cases by way of R. 6:6-1

responsible for court costs **after** the creditor prevails in the collection action.  Thus, in the present case, under the terms of the Default Language, Defendant was not entitled to seek recovery of court costs in the Collection Letter, since Capital One was not yet the prevailing party and therefore the demand in the Collection Letter was premature and improper.

Courts have regularly found a violation of the FDCPA where a debt collector sends out a collection letter seeking to collect "court costs" prior to the entry of a judgment.  See, Veach v. Sheetks, 316 F.3d 690, 692 (7th Cir. 2003) (collection letter violated FDCPA when amounts, including attorney's fees and court costs that had not yet been awarded); Champion v. Target Nat'l Bank, N.A., 2013 U.S. Dist. LEXIS 188123, *28-31 (N.D. Ga. Mar. 22, 2013 (plausible claim under 1692e, 1692e(10), 1692f, and 1692f(1) where collection letter sought to collect court costs prior to the entry of judgment); Cohn v. New Century Fin. Servs., Inc., 2016 U.S. Dist.  LEXIS 98008 (E.D.N.Y. June 7, 2016) (collection letter sought to collect $175 in court costs where judgment had not yet been awarded); See also, attached as Hersh Decl., Exh D, Hess v. Lyons, Doughty, Veldhuis, P.C., Civil Action No. 19-09053 (FLW) (D.N.J. Jan. 27, 2020) ("courts have held that the amount of a debt under the FDCPA does not include unaccrued attorney's fees and court costs and that the mention of such fees in an initial debt-collection letter may potentially mislead the least sophisticated debtor and violate Section 1692e.")

**C.  Defendant's Seeking to Recover $82.00 which it was not entitled to is Material under Section 1692e**

In its Motion for Summary Judgment, LDV argued in its brief that the $82.00 included in the demand amount of the Collection Letter was not material and thus is not actionable under the FDCPA.  (Def. Brief at pp. 12-14)  However, this is incorrect.

Section 1692e contains an additional materiality requirement, but it "is simply a corollary of the well-established least sophisticated debtor' standard."  Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015).  Courts in this jurisdiction have routinely found that a debt collector's attempt to collect more than it is entitled to is material under section 1692e.  See, Genova v. IC Sys., 2017 U.S. Dist. LEXIS 80046, *19 (D.N.J. May 25, 2017) (debt collector's attempt to collect $55.56 which it was not entitled to collect was material);  Thomas v. Youderian, 232 F.Supp.3d 656, 678 (D.N.J. 2017) (Collection letter seeking to collect a $3.00 convenience fee that it was not entitled to collect was material under 1692e);  Grubb v. Green Tree Servicing, LLC, 2017 U.S. Dist. LEXIS 117465 (D.N.J. July 27, 2017) (a debt collection letter which solely provides for the "total due," without providing an explanation as to how that amount was calculated was material)  See also, Hovermale v. Immediate Credit Recovery, Inc.,  2016 U.S. Dist. LEXIS 102206 (D.N.J. Aug. 4, 2016) (Denying Defendant's summary judgment motion as to section 1692e claim finding that statement in collection letter "that interest, late charges and other charges may vary from day to day" to be materially misleading to the least sophisticated consumer);  Griffin v. Andrea Visgilio-McGrath, LLC, 2017 U.S. Dist. LEXIS 111691, *16-17 (D. N.J. July 18, 2017) (Credit reporting language in collection letter could well be material to a debtor weighing her options; "A misstatement of that fact could therefore violate § 1692e, and inflict on the debtor an informational injury of the kind contemplated by the statute.)

Further, the Courts have determined that the materiality requirement does not apply to claims under 1692f.  See, <u>Thomas v. Youderian,  232 F. Supp. 3d 656, 676 (D.N.J. 2017)</u> (there is no substantial issue of materiality with respect to 1692f; "if the fee is not authorized by statute or contract, the implied representation that it was must be material"); <u>Genova v. IC Sys.</u>, 2017 U.S. Dist. LEXIS 80046, *13 fn. 6. (D.N.J. May 25, 2017) (materiality does not apply to claims under section 1692f); <u>Grubb v. Green Tree Servicing, LLC</u>, 2017 U.S. Dist. LEXIS 117465, *37 fn. 5 (D.N.J. July 27, 2017); <u>Cohen v. Dynamic Recovery Solutions</u>,  2016 U.S. Dist. LEXIS 97016, at *14 (D.N.J. July 15, 2016).   Thus, the $82.00 which Defendant was not entitled to collect was material under section 1692e and the materiality requirement is not relevant to claims under 1692f.

Therefore, since the Agreement only provided for the recovery of "court costs" after Capital One became the prevailing party, Defendant's seeking to collect $82.00 in court costs in the Collection Letter prior to the entry of judgment was premature and constituted violations of sections 1692e and 1692f of the FDCPA.

IV.     **<u>EVEN IF UNDER THE DEFAULT LANGUAGE DEFENDANT WERE ENTITLED TO SEEK RECOVERY OF COURT COSTS PRIOR TO JUDGMENT, THE COLLECTION LETTER  VIOLATED THE FDCPA IN LIGHT OF THE STATE COURT SUMMONS AND COMPLAINT FILED AND SERVED A WEEK EARLIER</u>**

Even if this Court were to determine that the Default Language in the Agreement allowed for Defendant to seek recovery of court costs prior to the entry of judgment, the Collection Letter was still false, deceptive and/or misleading within the meaning of the FDCPA.  This was because the state court action summons and complaint, filed less than a week before the Collection Letter was sent, rendered the Collection Letter unclear as to whether the Collection Letter was seeking to recover court costs of $82.00.  The front of

the summons clearly listed "$0.00" amounts for both the filing and service fees.  Upon reading the summons, the least sophisticated consumer would be confused as to whether he or she would owe court costs, or had they been waived since the summons specifically did not demand the $82.00 for the filing and service fees   Furthermore, other language in the complaint only further added to confusion of what the basis was for the amount the Collection Letter was seeking because the Complaint sought to recover "costs" and "costs of suit", but failed to identify what these amounts were and if they were different from the filing and service fees.  The terms "costs" and "costs of suit" in the complaint were also different from the Default Language terms which only provided for "Court Costs" and not "costs" or "costs of suit".  The least sophisticated consumer would not know that "costs", "costs of suit" and "court costs" could all be referring to the exact same thing.

A. **The Summons included a $0.00 Amount for both the Filing and Service Fees**

The upper right portion of the state court summons includes a box on the right side under the statement, "YOU ARE BEING SUED!"   Inside that box is included the following language:

**The Person or Business Suing You Claims You Owe the Following:**

| | |
|---|---:|
| Demand Amount | $9971.55 |
| Filing Fee | $0.00 |
| Service Fee | $0.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$9971.55** |

(Saroza Decl., Exh A)

The "Demand Amount" listed on the summons is $9971.55.  Both the "Filing Fee" and "Service Fee" are listed as $0.00 as to each, with the "Total" amount sought stated as $9971.55.  Thus, while the summons clearly sought to collect the unpaid credit

card balance of $9971.55, which is the same amount listed on the final Capital One monthly statement attached as the exhibit to the state court complaint (See, Saroza Decl., Exh. A), the summons makes no demand for either the filing fee or the service fee and very clearly includes a "$0.00" amount for each.  In contrast, the Collection Letter seeks to collect $10,053.53, but makes no mention that this amount includes $82.00 in filing and service fees.  There is no way for the least sophisticated consumer to know that the discrepancy is based upon $82.00 in filing and service fees.

According to the deposition testimony of Lloyd Garner, Esq., Chief of Special Civil Part Services for the Administrative Office of the Courts for the State of New Jersey, the Clerk's Office generated the summons based upon the information input by Defendant when the Defendant electronically filed the Complaint on the JEFIS electronic filing system in use at that time.[5]  (Garner Tr. 30-32).  Had Defendant input $75.00 for the filing fee and $7.00 for the service fee at the time the complaint was filed, then the face of the summons would have been populated with these amounts for the filing fee and service fee.[6]  Yet, the state court summons in the State Court Action included the "$0.00" amount for each of the service and filing fee fields, since these were the amounts that Defendant input into the JEFIS system when it filed the complaint.  As Garner clearly testified, a "$0.00" amount was not a default value.  In fact, Defendant would not have been able to proceed with the filing of a special civil part lawsuit against Plaintiff unless

---

[5] Plaintiff took the deposition of Lloyd Garner, the Chief of the Special Civil Part. (Garner Tr. 9:22-25).  A copy of the Garner Deposition Transcript is attached as Exhibit A to the Hersh Declaration, and is referenced herein as "Garner Tr. _____"

[6] The Court should take judicial notice that in state court the filing fee for a complaint against a single defendant in the special civil part is $75.00, plus as service by mail fee of $7.00, for a total of $82.00.

some amount, including a $0.00 amount, were entered by Defendant in each of the filing

fee and service fee fields.  The filing and service fee amounts were not input by court

personnel.  (Garner Tr. 27:17- 28:18, 45:10-46:17, 62:23-63:11, 74:4-9).

After a summons was generated the Court, the summons and complaint was then

served by the clerk's office, via regular and certified mail, on the debtor.  (Garner Tr. 63:

13-21).  Thus, the summons in Plaintiff's case only included a $0.00 amount for each of

the filing fees and service fee fields because these were the amounts that LDV

specifically chose to enter when it filed the complaint.  (Garner Tr. 8-9, 45:15 to 46:3).

Based upon the filing procedure and that LDV entered $0.00 amounts for the filing and

service fee fields, the summons reflected these zero amounts that Defendant input for

each field.

 In LDV's Motion for Summary Judgment, LDV argued that despite the fact that

a $0.00 amount was listed in the summons for the filing fee and service fee, the summons

still provided notice that Defendant was seeking to recover $82 in court costs since the

summons included additional language indicating that if the defendant did not answer the

complaint, then the defendant would lose the case automatically, allowing the creditor to

recover interest and court costs.   (Def. brief at 11-12).  However, the language LDV

relies on does not support its position and only adds further confusion as to whether

Defendant was seeking to recover court costs at the time Plaintiff received the Collection

Letter.  The language referenced by Defendant in the summons only applies in the event

that the debtor/defendant failed to file an answer to the state court complaint, and does

not specify what happens if the debtor does not default and answers the complaint.

Additionally, the quoted language makes no reference to the $82.00.

As such, after reading the summons which lists $0.00 for filing and service fees, the least sophisticated consumer would be confused as to why the Collection Letter demanded more than the amount in the summons.

B. **The Collection Letter was also Confusing since the Complaint Referenced "Costs of Suit" and "Costs" and did not identify $82.00 in Courts Costs**

The state court action complaint includes three separate counts.  The "wherefore clause" of Count One seeks a balance due amount of $9,971.55, "plus costs".  The "wherefore clause" in Counts Two and Three, each seek to recover "costs of suit." Nowhere, in the complaint is there an explanation of what the difference is between "costs" and "costs of suit".  Furthermore, there is no indication in the complaint that these amounts are the same as the "court costs" referenced in the Default Language in the Agreement.  Finally, the complaint is totally devoid of any indication that Defendant is seeking $82.00 in court costs.

Thus, the least sophisticated consumer when reading the Collection Letter, which does not itemize the $82.00 in court costs, would not understand that Defendant was seeking to collect $82.00 in "court costs", as defined in the Capital One Agreement, after reading the complaint which does not mention $82.00 and uses the entirely different terminology of "costs" and "costs of suit."  It would not be unreasonable for the least sophisticated consumer to conclude that "costs" includes more than simply "court costs"

The case of Cohn v. New Century Fin. Servs., Inc., 2016 U.S. Dist. LEXIS 98008 (E.D.N.Y. June 7, 2016) is particularly instructive.  In Cohn, the debt collection law firm sent the debtor a collection letter along with the state court summons and complaint which sought to collect on a defaulted Citibank account.  The collection letter included an "Amount Sought" which listed filing and service fees of $175.00.  However, at the time

the letter was sent to the debtor, a judgment had not yet been entered.  The court found

that by including the $175.00 in the demand amount in the collection letter, the letter

gave the mistaken impression that the debtor was obligated to pay the balance including

the $175.00.  Importantly, the Court noted that the accompanying summons and

complaint stated the actual amount sought but did not include the $175.00 filing and

service fee.  Thus, the two different amounts found in the summons/complaint and the

collection letter caused only more confusion, since the least sophisticated consumer was

left uncertain as to which amount it would be required to pay in order discharge the debt.

As such, the Court denied the Defendant's 12c motion and found that Plaintiff had stated

a claim under section 1692e(2)(A) and 1692f(1) of the FDCPA.

The same is true in the present case.  The Collection letter sought to collect an

amount which included the $82.00 in court costs.  The summons specifically indicated

that it was not seeking to collect $82.00 in filing fees and costs.  The complaint sought to

recover "costs of suit" and "costs", but did not specify it was seeking "court costs."

Further, the complaint made no reference that it was specifically seeking to collect

$82.00.  Thus, nowhere in the summons, complaint or the Collection Letter was it

indicated that Defendant was seeking to collect "court costs" and that the amount of these

court costs was $82.00.  As in Cohn, the least sophisticated consumer when reading the

Collection Letter in conjunction with the summons and complaint would not know if he

or she was obligated to pay the filing and service fees at the time the Collection Letter

was received or what that amount was.

As such, the Collection Letter violated sections 1692e and 1692f of the FDCPA.

V.      **DEFENDANT VIOLATED THE FDCPA SINCE THE COLLECTION LETTER DID NOT ITEMIZE THE $82.00 IN COURT COSTS**

Also, even assuming *in arguendo* that Defendant was entitled to seek collection of the $82 in court costs prior to the entry of the judgment under the terms of the credit card agreement, the Collection Letter was confusing and deceptive since there was no indication in the Collection Letter that the Amount Due included $82 in court costs.

In Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004), the consumer incurred a $122.06 debt related to services provided by an animal hospital and signed an agreement to pay the bill at a later time.  When the consumer failed to pay the bill, the animal hospital hired a debt collection law firm, which sent a series of debt collection letters to the consumer seeking to collect nearly $400, which included an amount of $250 for attorney's fees pursuant to the contract.  However, the balance sought was not itemized as to these collection fees and costs.  The Court of Appeals concluded that even if the attorney's fees are authorized by contract, as was the case, and even if the fees were reasonable, the debt collector must still clearly and fairly communicate information about the amount of the debt to debtors, including how the total amount due was determined if the demand amount for payment included add-on expenses like attorneys' fees or collection costs.  As such, the Court concluded that the consumer stated claims under section 1692e and 1692f of the FDCPA with respect to the debt collector's failure to itemize the collection costs.  In reaching its decision, the Seventh Circuit indicated that the unsophisticated consumer could reasonably wonder why the debt collector was now seeking $388.54, even assuming the consumer had saved the original contract that specified she could be charged for attorney's fees.  Alternatively, the Court reasoned that

20

an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely.  In such a circumstance, the debtor (or the debtor's spouse or someone else paying bills for the debtor), might logically assume that the consumer simply incurred nearly $400 in charges.  The Court indicated that by leaving the door open for this assumption to be made, the collection letter was misleading because it gave a false impression of the character of the debt.  Itemizing the various charges that comprised the total amount of the debt would have been one simple way to comply with sections 1692e and 1692f.

Courts in the Third Circuit have adopted the reasoning of <u>Fields</u> and found that the failure of a debt collector to itemize collection fees and/or costs can constitute a violation of the FDCPA.  See, <u>LaMonaca v. First States Fin.Servs. Corp.</u>, 2019 U.S. Dist. LEXIS 107444, *9-10 (D.N.J. June 26, 2019) (Motion for Judgment with respect to 1692e claim denied where collection letter failed to state a fee separate from the principal owed); <u>Grubb v. Green Tree Servicing, LLC</u>, 2017 U.S. Dist. LEXIS 117465, *38 (D.N.J. July 27, 2017); <u>Grubb v. Green Tree Servicing, LLC</u>, 2014 U.S. Dist. LEXIS 100886,a t *24-31 (D.N.J. July 2014) (finding non-disclosure of the character and nature of the amount due could be a violation of section 1692g and 1692e of the FDCPA under Third Circuit Precedent); <u>Cortellessa v. Udren Law Offices P.C.</u>, 2016 U.S. Dist. LEXIS 117981, *10-11 (E.D. Pa. Sept. 1, 2016) (Plaintiff stated a claim under section 1692e of the FDCPA where the collection letter failed to itemize the "corporate advance balance"); <u>Dougherty v. Wells Fargo Home Loans, Inc.</u>, 425 F. Supp. 2d 599, (E.D. Pa. 2006) (improperly labeling attorney's fees as "recoverable corporate advances" on a collection may be confusing and deceptive to an unsophisticated consumer).

This District Court's recent decision in <u>LaMonaca v. First States Fin. Servs.</u> <u>Corp.</u>, 2019 U.S. Dist. LEXIS 107444, *9-11 (D.N.J. June 26, 2019) is particularly relevant.  In <u>LaMonaca</u>, the debt collector sent out a collection letter seeking to collect $800.40.  However, the collection letter failed to itemize that this amount included a collection fee of $200.40.  The Court concluded that while the Defendant may have been entitled to seek collection of the $200.40 in the collection letter, the amount must be separately itemized from the principal of the debt and that the failure to do so may constitute a violation of the FDCPA.  A notice that hides the true character of the debt fails to clearly and fairly communicate information about the amount of the debt to the debtors.[7]  <u>Id.</u> at *9.

Thus, in the present case, since the Collection Letter simply lumped the $82.00 in court costs into the total amount due without specifying what portion of that amount was court costs.  In doing so, LDV hid the true nature of the debt and failed to clearly and fairly communicate information about the character of the debt to Plaintiff.   In doing so, Defendant violated sections 1692e and 1692f of the FDCPA.

## VI.    <u>PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR AS TO DEFENDANT'S BONA FIDE ERROR DEFENSE</u>

In response to Plaintiff's FDCPA claims, Defendant asserts the bona fide error defense under section 1692k of the FDCPA.  However, Defendant has failed to establish, and cannot establish, the bona fide error defense as to any of the FDCPA violations.

---

[7] In its Reply Brief in further support of its motion for summary judgment, Defendant attempts to distinguish some of the above cases on the grounds that the Collection Letter in the present letter was not an initial communication.  However, this distinction is without merit, since the above-referenced cases analyzed the FDCPA under 1692e and/or 1692f  separate and apart from any analysis under section 1692g.

A. **Defendant has failed to Establish a Bona Fide Error as a Matter of Law
as to its Misinterpretation of the Capital One Cardholder Agreement
Language regarding the Recovery of Court Costs**

Defendant's sole assertion of the bona fide error defense is that it was mistaken in its interpretation of the Capital One Cardholder Agreement to allow for the collection of court costs prior to the entry of judgment.  (See, Answer, Dkt. No. 25, Third Affirmative Defense; Veldhuis Declaration).  However, the defense fails as a matter of law.

The bona fide error defense, 15 U.S.C. § 1692k(c), provides:

A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. 1692k(c).  The bona fide error defense is a narrow exception to the rule that the FDCPA is a strict liability statute, generally not requiring proof of intent.  See, e.g., McCollough v. Johnson, Rodenburg & Lauinger, 637 F.3d 939, 948 (9th Cir. 2011).

Thus, to avail itself of the bona fide error defense, a debt collector must demonstrate:   "(1) the alleged violation was unintentional, (2) the alleged violation resulted from a bona fide error, and (3) the bona fide error occurred despite procedures designed to avoid such errors."  Beck v. Maximus, Inc., 457 F.3d 291, 297-98 (3d Cir. 2006).  The first prong is a "subjective test" that requires a credibility determination concerning the debt collector's assertions that the ensuing FDCPA violation was unintentional."  Agostino v. Quest Diagnostics, Inc., 2011 WL 5410667, at *4 (D.N.J. Nov. 3, 2011) (citing Johnson v. Riddle, 443 F.3d 723, 728-29 (10th Cir. 2006)).  The second and third prongs are objective inquiries.  Id. A bona fide error is "one that is plausible and reasonable."  Wilhelm v. Credico, Inc., 519 F.3d 416, 420 (8th Cir. 2008).

23

The Supreme Court has explained that "procedures reasonably adapted to avoid any such error" may be read to apply to "processes that have mechanical or other 'regular orderly' steps to avoid mistakes—for instance, the kind of internal controls a debt collector might adopt to ensure its employees to do not communicate with consumers at the wrong time of the day."  Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010).

1. **Defendant Waived the Bona Fide Error Defense by failing to testify at the 30(b)(6) deposition about Defendant's Maintenance of Procedures Reasonably Adapted to Avoid any Such Error**

Plaintiff took the 30(b)(6) deposition of Defendant LDV.  Hillary Veldhuis, Esq., a partner at the Defendant's law firm, testified as LDV's 30(b)(6) witness.  During the course of the deposition, Veldhuis was specifically asked about LDV's assertion of the bona fide error defense.  However, at no time during the inquiry did she assert that its bona fide error defense was based upon a mistaken interpretation of the language of the cardholder agreement.  Furthermore, at the deposition, Veldhuis failed to specify any of the maintenance of procedures reasonably adapted to avoid any such error.  (Hersh Decl., ¶ 4, Exh. C, Depo Tr. at pp.  226-229).  It was only after the 30(b)(6) deposition and in the subsequent Veldhuis Declaration submitted by Defendant in support of its Motion for Summary Judgment that LDV articulated the basis with specificity of it bona fide error defense.  (See, Dkt. No. 63-4, ¶¶  8-9).  Since Veldhuis failed to testify as to LDV's procedures when asked about it at the deposition, Defendant has waived the defense.

2. **Defendant's Error was Not Bona Fide**

Even if LDV has not waived the defense, LDV still has not established the defense with respect to its claim that it misinterpreted the terms of the Agreement.

An error is bona fide if it is made in good faith and is a genuine mistake as opposed to a contrived mistake.  Kort v. Diversified Collection Serv., 394 F.3d 530, 538 (7th Cir. 2005) (quoting Black's Law Dictionary). The error must be made without fraud or deceit and with faithfulness to the collector's duty or obligation.  See, Bynum v. Cavalry Portfolio Servs., L.L.C., 2006 WL 850935 (N.D. Okla. Mar. 30, 2006).  Where a violation was routinely committed it could not be said to be either an error or bona fide. See, Beasley v. Blatt, 1994 WL 362185 (N.D. Ill. July 11, 1994).

Typically, the type of errors that are subject to the bona fide error defense are clerical mistakes, such as a recently broken keyboard key, transposed numerals or an innocent error fact regarding the consumer (vs. commercial) nature of debt being collected or by a computer glitch.  See, Wilhelm v. Credico, Inc., 426 F. Supp. 2d 1030 (D.N.D. 2006) (collector defendant established bona fide error defense by showing amount of principal and assigned interest was mistakenly entered); Goodman v. Southern Credit Recovery, Inc., 1999 WL 14004 (E.D. La. Jan. 8, 1999) (placement of collection letter in an envelope with an incorrect address was a bona fide error); Hubbard v. Nat'l Bond & Collection Assocs., 126 B.R. 422, 427 (D. Del. 1991), aff'd, 947 F.2d 935 (3d Cir. 1991) (table); Garrick v. Hosp. Collection Servs., Inc., 1990 U.S. Dist. LEXIS 20961 (D. Conn. Jan. 31, 1990); Parks v. Chlan, 1996 WL 243473 (D. Md. May 3, 1996) (due to a clerical error, the lawyer sent out a dunning letter for a paid hospital bill, indicating an amount due of $0.00).

The general rule has been that a mistake in the interpretation of state law does not form the basis of a bona fide error defense.  See, e.g. Verburg v. Weltman, Weinberg & Reis Co., 295 F. Supp. 3d 771 (W.D. Mich. 2018) (extending reasoning of Jerman to

mistakes of state law); Infante v. Samara Portfolio Mgmt., LLC 2017 WL 1102757 (E.D. Tex. Jan. 20, 2017) (defendant's reliance on state venue rules did not amount to bona fide error, since such rules are preempted by federal law and defendant, an attorney, is charged with knowledge of such laws), adopted, 2017 WL 1113322 (E.D. Tex. 2017).

In its moving papers in support of its Motion for Summary Judgment, LDV relies on the case of Jarzyna v. Home Properties, LP., 114 F.Supp.3d 243, 267 (E.D. Pa. July 17, 2015), which recognized a bona fide error defense based upon a misinterpretation of a contract. However, under the facts of Jarzyna, the court rejected the defense finding that the debt collector's procedures failed to avoid the specific error. See, e.g., Seeger v. AFNI, Inc., 2007 U.S. Dist. LEXIS 40304, *67 (E.D. Wis. June 1, 2007) (interpretation of contract not sufficiently reasonable to qualify as a bona fide error).

In the present case, LDV has failed to establish that the error was bona fide as a matter of law. First, LDV provided no deposition testimony on the issue, even though it was asked about the defense. (Hersh Decl., ¶ 4, Exh. C at pp. 226-229). Second, LDV has failed to provide any evidence as to how it reached the wrong conclusion in interpreting the Agreement. Third, LDV produced no evidence as to which attorney reviewed the Agreement, when the agreement was reviewed and what research was performed. (Dkt. No. 63-4, ¶8-9). Fourth, as discussed earlier in this brief, given the NJ Rules of Court and the language in the Agreement, LDV's interpretation of the language in the Agreement concluding that it could collect court costs was not reasonable.

As such, Defendant's alleged error was not the type of bona fide clerical error contemplated by the bona fide error defense.

**3.** **Defendant did not Maintain Procedures Reasonably Adapted to Avoid the Error**

Under the third prong of the defense, a debt collector must maintain procedures reasonable adapted to avoid the errors and a failure to do so negates the defense.  See, Hassine v. Simon's Agency. 2020 WL 3481815 (D.N.J June 26, 2020) (summary judgment granted debt collector on bona fide error since debt collector failed to demonstrate that it had reasonable procedures in place).

In the present case, Defendant did not maintain procedures reasonably adapted to avoid the error.  First, Defendant provided no deposition testimony as to its procedures at the 30(b)(6) deposition.  (See, Hersh Decl., ¶ 4, Exh. C at pp.  226-229).  Rather, the only indication that there are any procedures in place is contained in the Veldhuis Declaration. Defendant provided no written documentation to indicate that any such written procedures were in effect at the time of the error was committed.  In her declaration, regarding the firms procedures Veldhuis stated:

> 8. The Firm's procedures include reviewing the terms and conditions of credit card agreements issued by its creditor clients.
>
> 9. As part of this review process, LDV attorneys make an independent legal judgment as to whether its creditor client has the right to collect interest, court costs, attorney fees and other collection expenses:  (1) either at the time of the referral of the account, insofar as interest and attorney fees are concerned; (2) at the time a lawsuit is filed insofar as court costs and service fees are concerned; or (3) whether the agreement limits the collections of court costs collection expenses and attorney fees to only those allowed by the Court.

(Hersh Decl., Exh. F)

It is hard to understand, that even if these procedures were in effect in 2016 or earlier when the Capital One Agreement was reviewed by LDV, how these procedures would have prevented the error from having taken place.  The procedure stated is nothing

27

more than stating that the contracts are reviewed prior to the filing of a lawsuit with respect to the seeking of court costs.  Yet, there is nothing in the stated procedure which would prevent LDV's misinterpretation of the law regarding the collection of court costs from reoccurring again.  In fact, the error at issue is not a misinterpretation of the contract, as Defendant contends, but rather an error in the legal analysis that was conducted by Defendant as to whether New Jersey state law and its court rules allow for the recovery of court costs prior to the entry of judgment.[8]  As discussed above, errors regarding the interpretation of state law are generally not subject to the bona fide error defense.

Thus, Defendant has not established a bona fide error defense with respect to its wrongly concluding that it was entitled to collect court costs prior to the entry of judgment.

B.  **Defendant has not Established a Bona Fide Error Defense as to its Failure to Indicate in the Collection Letter that the Total Balance Included Court Costs**

As discussed above, Defendant violated the FDCPA by failing to provide a breakdown or itemization in the Collection Letter as required under <u>Fields</u> with respect to the $82.00 in court costs.  Defendant has not claimed that the failure to do so was bona fide error.  Thus, the bona fide error defense does not prevent summary judgment in Plaintiff's favor with respect to Defendant's violation of the FDCPA for failing to itemize the amount in the Collection Letter.

C.  **Defendant has Not Established a Bona Fide Error Defense as to why it Entered $0.00 for Court Costs when it Filed the State Court Action**

---

[8] It is noteworthy that even Defendant's stated procedures in paragraph 9 of the Veldhuis Declaration acknowledges, as Plaintiff contended earlier, that under the Agreement the recovery of attorney's fees are treated differently from court costs.

28

The summons in the state court action indicated that Defendant was seeking to collect "$0.00" as to each of the filing and service fees amount, with the total amount demanded as $9971.55.  This amount was less than the $10,053.55 demanded in the Collection Letter.  Lloyd Garner, Esq. of the Administrative Office of the Courts repeatedly testified at his deposition that the "$0.00" amounts for the filing and service fees reflected on the summons would have only been "$0.00" if Defendant had input such amount when it electronically filed the state court lawsuit.   (Garner Tr. 8-9, 45:15 to 46:3)  LDV has not asserted that its failure to include $82.00 for the filing and service fees was bona fide error.  Furthermore, this error was not a one-time error, since LDV has identified the class size to be 3,334 individuals who also received summons with "$0.00" amounts for court costs.   (See, Dkt. No. 60).  As such, there is no bona fide error defense regarding any FDCPA violations resulting from Defendant's misfiling the amount of court costs in the state court action.

D.   **Defendant has Not Established a Bona Fide Error Defense as to its Failure to  check the Court generated summons for Error**

Not only did Defendant input the incorrect $0.00 amount for both the filing and service fee amounts when filing the state court complaint, but LDV also failed to establish a bona fide error defense as to its failure to check the court generated summons for error.   Hillary Veldhuis testified at the 30(b)(6) deposition that LDV was not aware that the summons did not include the filing and service fees back in 2016.  (Hersh Decl., ¶ 4, Exh. C, Veldhuis Depo Tr. at p 120).  Thus, LDV did not have any procedures in place to check whether the court generated summons was correct.  Thus, Defendant there

is no bona fide error defense with respect to Defendant's failure to check the summons for error after the complaint was filed.

E. **Defendant has not Established a Bona Fide Error Defense as to its Use in the complaint of the terms "Costs" and "Costs of Suit" rather than "Court Costs"**

The State Court Complaint indicates in count 1 that Defendant is seeking "Costs" and in counts 2 and 3 Defendant was seeking "Costs of Suit". The Default Language in the Agreement refers to "Court Costs". Given the different and inconsistent use of the terms "costs" and "costs of suit" in the summons and complaint, with the term "court costs" used in the Agreement, the least sophisticated consumer would not be able to discern that the amounts sought in the summons and complaint were the same amounts referred to in the Agreement. The least sophisticated consumer would not know that "court costs" are different from "costs" and/or "costs of suit"

As such, there were multiple errors giving rise to the FDCPA violations and not a single one as LDV contends. Furthermore, LDV has only provided its procedures as to one of these errors, which was insufficient to establish the bona fide error defense. Therefore, Plaintiff must be granted summary judgment as to the bona fide error defense

**CONCLUSION**

As such, summary judgment must be granted in Plaintiff's favor.

Dated:  December 30, 2020                    Respectfully submitted,

                                   By: s/ Lawrence C. Hersh
                                       Lawrence C. Hersh, Esq.
                                       17 Sylvan Street, Suite 102b
                                       Rutherford, NJ  07070
                                       (201) 507-6300
                                       *Attorney for Plaintiff and all others similarly situated*