IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NESTOR SAROZA, | |
| Plaintiff, | Civil No. 17-00523 (RBK/AMD) |
| v. | **OPINION** |
| LYONS, DOUGHTY & VELDHUIS, P.C., | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon several motions: (1) Plaintiff's Motion to Certify Class (Doc. 60); (2) Defendant's Motion for Summary Judgment (Doc. 63); (3) Defendant's Motion to Seal (Doc. 68); and (4) Plaintiff's Motion for Summary Judgment (Doc. 81). For the reasons set forth below, (1) Plaintiff's Motion to Certify Class is **DENIED AS MOOT**; (2) Defendant's Motion for Summary Judgment is **GRANTED**; (3) Defendant's Motion to Seal is **GRANTED**; and (4) Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**.

**I.    BACKGROUND**

This is a putative class action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by Defendant Lyons, Doughty & Veldhuis, P.C. ("LDV"). Plaintiff is Nestor Saroza, an individual who was a Capital One cardholder. (Doc. 81-4, "Def. Statement Undisputed Facts" ¶1.) Saroza defaulted on his Capital One account, and Capital One charged off his account balance of $9,971.75. (Def. Statement Undisputed Facts ¶3.) After Saroza defaulted, Capital One referred Saroza's delinquent account to Defendant LDV, a debt collection

1

firm, for litigation. (Def. Statement Undisputed Facts ¶2.) LDV filed suit in the Superior Court of New Jersey against Plaintiff Nestor Saroza seeking to recover $9,971.55 of credit card debt that Saroza allegedly failed to pay. (Def. Statement Undisputed Facts ¶6.) In its collection efforts, LDV paid $75.00 to file the action on behalf of Capital One and also paid a $7.00 fee for certified mail service of the Summons and Complaint. (Def. Statement Undisputed Facts ¶9.) Together, the collection costs totaled $82.00. (Def. Statement Undisputed Facts ¶9.)

After filing the lawsuit, on January 19, 2016, LDV sent a letter ("Letter") to Saroza, which stated the following:

> LYONS, DOUGHTY & VELDHUIS, P.C. . . .
>
> Re: Capitol One Bank (USA), N.A. v. NESTOR SAROZA
> Docket No. DC-00065-16
> Amount Due: $10,053.55
>
> Dear NESTOR SAROZA:
>
> We have filed suit to recover the balance due in the above matter. However, our goal is to resolve the debt in a way that is manageable for you. We encourage you to contact us. If you would rather not call us, you can ask questions and/or make a settlement offer or payment arrangement proposal via our website . . . .
>
> THIS FIRM IS A DEBT COLLECTOR

(Doc. 1, Ex. A.)

Saroza contends that the Letter misrepresented the total debt that he owed because the Letter did not itemize the $82.00 as separate and apart from the principal balance amount of $9,971.55. (*See generally* Doc. 1, "Compl." ¶¶41–43.) Believing this to be a violation of the FDCPA, Saroza filed the present putative class action alleging violations of section 1692e and 1692f of the FDCPA. (Compl. ¶¶41–43.)

Soon after Saroza filed suit, LDV moved to dismiss the Complaint. (Doc. 7.) LDV argued that the terms and conditions of Saroza's agreement with Capital One ("Customer Agreement") allowed the collection of the additional $82.00 filing and service fees. (*See generally* Doc. 7.) However, LDV's motion to dismiss referenced the Customer Agreement, which was not included within the Complaint. (*See generally* Doc. 7.) As such, the Court converted the motion to dismiss into a motion for summary judgment. (Doc. 13.) In its Opinion, the Court then granted summary judgment in favor of LDV, finding that the "[L]etter Defendant sent to Saroza [was] not 'false' under the FDCPA" because it "accurately describe[d] the relationship between the parties." (Doc. 18, "Op." at 5.) The Court noted that the Customer Agreement between Capital One and Saroza indicated that Saroza could be liable for costs. (Op. at 6.) Therefore, the Letter was not misleading and did not violate the FDCPA. Saroza appealed the Court's ruling. The Third Circuit reversed and remanded, determining that Saroza "did not have adequate notice of the Court's intention to grant summary judgment[.]" *Saroza v. Lyons, Doughty & Veldhuis, P.C.*, 773 Fed. Appx. 665, 668 (3d Cir. 2019). Notably, the Third Circuit "express[ed] no view on the merits" of the Court's decision. *Id.*

Upon remand back to this Court, the parties engaged in discovery. On September 15, 2020, Saroza moved to certify the class. (Doc. 60 "Mot. for Class Cert.") LDV opposed. (Doc. 61 "Opp. to Class Cert.") LDV then filed a motion for summary judgment. (Doc. 63 "LDV Mot. for Summary Judgment.") LDV later filed a motion to seal seeking to seal an exhibit and portions of Saroza's motion for class certification. (Doc. 68 "Mot. to Seal.") Saroza did not oppose the motion to seal. Saroza then filed his own cross-motion for summary judgment. (Doc. 81 "Saroza Mot. for Summary Judgment.") LDV opposed (Doc. 82), and Saroza replied (Doc. 87).

## II. LEGAL STANDARD

### A. Motion for Class Certification

To certify a class under Rule 23, a plaintiff must satisfy Rule 23(a)'s four requirements and one of Rule 23(b)'s three subsections. *See In re Pet Food Prod. Liab. Litig.*, 629 F.3d 333, 341 (3d Cir. 2010). Under Rule 23(a), the plaintiff must show the following:

> (1) numerosity (a "class so large that joinder of all members is impracticable");
>
> (2) commonality ("questions of law or fact common to the class");
>
> (3) typicality (named parties' claims and defenses "are typical ... of the class"); and
>
> (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

*Id.* at 341 n.14 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)) (alterations omitted). Under Rule 23(b)(3), which Plaintiff invokes here, certification is proper if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A plaintiff must show that these requirements are met by a preponderance of the evidence, and a court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 306 (3d Cir. 2008). Thus, a court should certify a class only if the court finds, after a "rigorous analysis," that Rule 23's requirements are met. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Further, courts must be careful to properly analyze each of Rule 23's requirements separately, rather than conflating two or more requirements together. *See Byrd v. Aaron's, Inc.*, 784 F.3d 154, 172 (3d Cir. 2015) (emphasizing that "[p]recise analysis of relevant Rule 23 requirements will always be necessary").

In addition to these explicit requirements, the class must also be clearly defined and objectively ascertainable. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012). A class is ascertainable if it is (1) "defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). Further, "a plaintiff [need not] be able to identify all class members at class certification—instead, a plaintiff need only show that class members can be identified." *Id.* (internal quotation omitted). Importantly, ascertainability is a distinct inquiry from predominance, as "the ascertainability requirement focuses on whether individuals fitting the class definition may be identified without resort to mini-trials, whereas the predominance requirement focuses on whether essential elements of the class's claims can be proven at trial with common, as opposed to individualized, evidence." *Id.* (internal quotation omitted).

**B. Motion for Summary Judgment**

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations

are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id*. at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which a jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**C. Motion to Seal**

Motions to seal are governed by Local Civil Rule 5.3. To succeed on a motion to seal, the moving party must establish the following: (1) the nature of the materials at issue; (2) the legitimate private or public interests that warrant the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3). There is a strong presumption in favor of "common law public right of access to judicial proceedings and records." *In re Cendent Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Thus, the movant must overcome this presumption of public access by demonstrating "good cause" for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause exists if disclosure will cause a clearly defined and serious injury. *Id.* The movant must delineate the specific injury to be prevented—broad allegations of harm, "bereft of specific examples or articulated reasoning, are insufficient." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

6

## III. DISCUSSION

### A. Standing

As a threshold matter, in its motion for summary judgment and opposition to class certification, LDV challenges Saroza's standing to bring the FDCPA claims. (LDV Mot. for Summary Judgment at 6.) Courts generally decide standing issues before class certification issues because standing is jurisdictional. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 204 (D.N.J. 2003). Constitutional standing is a component of subject matter jurisdiction. Article III of the Constitution limits federal court jurisdiction to cases and controversies. U.S. Const. art. III, § 2. To establish Article III standing, a plaintiff "must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (quoting *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358-59 (3d Cir. 2015) (internal quotation marks omitted and punctuation modified)).

LDV asserts that Saroza lacks standing because he did not suffer an injury within the meaning of Article III. Article III requires a plaintiff to show that he suffered an "invasion of a legally protected interest" that is "concrete and particularized[.]" *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). A concrete injury is one that actually exists, meaning that it is real and not abstract. *See id.* at 1548–49. A concrete injury, however, need not be tangible. *Id.* Indeed, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," and "a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 1549 (emphasis in original); *see also In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d

625, 637–38 (3d Cir. 2017). However, "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549.

LDV asserts that, pursuant to *Spokeo*, Saroza's injury is a mere, bare procedural violation because Saroza did not rely on any alleged misrepresentation in the Letter. (LDV Mot. for Summary Judgment at 6.) As LDV points out, the Third Circuit has not yet addressed whether an FDCPA Plaintiff who claims no actual damages from receipt of purportedly false, deceptive, or misleading communication has Article III standing. (Opp. to Class Cert. at 6.) LDV cites to two out-of-Circuit cases dismissing FDCPA cases for lack of standing where the plaintiff failed to establish reliance on inaccurate statements. (Opp. to Class Cert. at 6–8 (citing *Frank v. Autovest*, 961 F.3d 1185 (D.C. Cir. 2020); *Trichell v. Midland*, 964 F.3d 990 (11th Cir. 2020)). LDV urges the Court to "follow the reasoning from these recent Circuit authorities[.]" (Opp. to Class Cert. at 10.) LDV asserts that under this authority, Saroza has failed to demonstrate that he was even injured by the alleged FDCPA violation.

The Court has reviewed these out-of-Circuit opinions but does not find these cases persuasive because they go against the clear weight of authority in this district. An "overwhelming majority of the courts in this district" have found that "various types of violations under § 1692e give rise to concrete, substantive injuries sufficient to establish Article III standing." *Napolitano v. Ragan & Ragan*, No. 15-2732, 2017 WL 3535025, at *6 (D.N.J. Aug. 17, 2017) (collecting cases). In cases such as this one, "[t]he injury, for standing purposes, is framed as a right to receive accurate and non-misleading information" under Section 1692e of the FDCPA. *Bordeaux v. LTD Fin. Servs., L.P.*, No. 16-cv-0243, 2017 WL 6619226, at *1 (D.N.J. Dec. 28, 2017); *Medina v. Allianceone Receivables Mgmt., Inc.*, No. 16-cv-4664, 2017 WL 220328, at *1 (E.D. Pa. Jan. 19, 2017) ("The injury to the consumer alleged here is the false and misleading statement made by the

debt collector in an effort to collect or settle the consumer's debt obligation."). Here, if Saroza can prove that he in fact received false and misleading statements, then he would in fact have suffered an injury sufficient to satisfy the inquiry under Article III. The Court sees no reason to depart from the well-reasoned opinions of other courts within this district in the absence of any contrary precedent from the Third Circuit or the Supreme Court. Thus, the Court finds that Saroza has standing to bring the FDCPA claims.

B. Motion for Class Certification

The Court next addresses the motion for class certification. Although Saroza filed the class certification motion prior to the filing of the motions for summary judgment, the Court finds that the adjudication of the summary judgment motions renders the class certification issue moot. Rule 23(c)(1) provides that a court shall determine whether a class should be maintained "as soon as practicable;" however several Circuits have permitted trial courts to decide a motion for summary judgment prior to ruling on a certification motion. *See, e.g., Christensen v. Kiewit–Murdock Investment Corp.,* 815 F.2d 206, 214 (2d Cir. 1987) (finding the district court's deferring decision on class certification until after ruling on the motion to dismiss was appropriate given the breadth of the class plaintiffs sought to certify); *Floyd v. Bowen,* 833 F.2d 529, 534–35 (5th Cir. 1987) (trial court did not abuse discretion in denying class certification because it found against named plaintiffs on the merits); *Marx v. Centran Corp.,* 747 F.2d 1536, 1552 (6th Cir. 1984); *Wright v. Schock,* 742 F.2d 541, 544 (9th Cir. 1984) ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation"); *Postow v. OBA Federal Sav. and Loan Ass'n,* 627 F.2d 1370, 1382 (D.C. Cir. 1980) (noting that the rationale for precluding post-

judgment certification disappears if the defendant moves for summary judgment before a decision on class certification).

In this case, some of the arguments raised in the motion for summary judgment were raised long before certification was an issue. Further, this is not a case in which there is a danger of a "one-way intervention," *i.e.,* allowing members of a Rule 23(b)(3) class the option of joining an action after a favorable judgment on the merits while avoiding any res judicata effects of an unfavorable ruling. *See* Fed. R. Civ. P. 23(c)(3) advisory committee notes; *Postow,* 627 F.2d at 1381–83. Moreover, both parties filed their motions for summary judgment before the resolution of the motion for class certification. As such, the Court finds this to be an adequate case to address the summary judgment motions prior to class certification.

**C. Motions for Summary Judgment**

Both LDV and Saroza move for summary judgment on Saroza's FDCPA claims. The Court begins with an overview of the general standard for bringing FDCPA claims then addresses LDV's arguments.

*Overview of FDCPA Standard*

The FDCPA prohibits debt collectors from attempting to collect any fees unless such amount is expressly authorized by the agreement creating the debt *or* permitted by law. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). To prevail on an FDCPA claim, the plaintiff must establish that "(1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a debt; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* Saroza's claim asserts that LDV violated FDCPA sections 1692e and 1692f. Under these sections, a debt collector may not use false, deceptive, or misleading representations or means in connection with the collection

of any debt. 15 U.S.C. § 1692e. Nor may a debt collector use unfair or unconscionable means to collect any debt. 15 U.S.C. § 1692f.

In the Third Circuit, communications from lenders to debtors subject to the FDCPA are analyzed from the perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). The goal is to protect "all consumers, the gullible as well as the shrewd." *Id.* (quotations omitted). A degree of care in choice of words is therefore required. "[M]ore is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). However, the FDCPA prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55 (quotations and citations omitted).

### *LDV's Motion for Summary Judgment*

LDV contends that it is entitled to summary judgment for three reasons: (1) the Letter was not false, deceptive, or misleading; (2) the inclusion of $82.00 is not an actionable representation; and (3) the bonda fide error defense bars liability. (LDV Mot. for Summary Judgment at 5.) First, LDV asserts that summary judgment is warranted because LDV was entitled to collect the filing and service fees; therefore the Letter including these fees in the total amount due did not violate any provision of the FDCPA. (LDV Mot. for Summary Judgment at 11.)

The Court previously found that "the letter Defendant sent to Saroza [was] not 'false' under the FDCPA" because it "accurately describe[d] the relationship between the parties." (Op. at 5.) After analyzing Saroza's Customer Agreement with Capital One, the Court found that LDV was entitled to collect the debt, plus costs associated with recovery of the debt. (*See* Op. at 5.) The

Court sees no reason to depart from that prior ruling now. Discovery has provided the parties with the full Capital One Customer Agreement which governed Saroza's account. Under that Customer Agreement, Saroza agreed to the following: the customer "must pay [Capital One] all of our collection expenses, attorneys' fees and court costs unless the law does not allow us to collect these amounts." (LDV Mot. for Summary Judgment at 4.) LDV asserts that therefore the Customer Agreement permitted LDV to collect the principal amount of the debt, plus the $82.00 in collection expenses that LDV incurred when it filed the state court lawsuit. (LDV Mot. for Summary Judgment at 11.)

In response, Saroza argues that New Jersey law does not allow LDV to collect such court costs until after a judgment is entered. (Saroza Opp. at 8.) Saroza cites to the New Jersey Rules of Court related to the recovery of court costs. Saroza contends that, under these rules, "court costs can only be recovered after a judgment is entered." (Saroza Opp. at 10.) Therefore, "since the New Jersey court rules only allow for the recovery of court costs once a party has prevailed, the Default Language in the [Customer] Agreement must be read to only allow for the recovery of 'court costs' after the creditor has prevailed in the state court action." (Saroza Opp. at 10.)

The Court finds that, as a matter of law, LDV had the right to add the $82.00 in fees to the amount of Saroza's debt. Saroza's argument misses the point—Saroza's reading of the Customer Agreement attempts to read-out the phrase "collection expenses" in the initial Customer Agreement. Saroza's arguments revolves around whether New Jersey rules allow the recovery of court costs before a judgment is entered against a party. Moreover, Saroza cites to case law in which other courts have found that debt collection letters requesting court costs were misleading under the FDCPA. However, here, the Customer Agreement expressly allowed LDV to collect *both court costs and collection expenses*. The filing fee and cost of service may reasonably be

construed as collection expenses or expenses incurred in the process of collecting the debt incurred. As LDV points out, even the least sophisticated debtor is expected to read the debt collection letter in its entirety and should be familiar with the underlying documents governing the debt. *See Marucci v. Carley & Bergmann, LLP*, 66 F. Supp. 3d 559, 563 (D.N.J. 2014). The Court finds that, because LDV was entitled to recover the amount of debt plus collection costs, the Letter was therefore not false, deceptive, misleading, or unconscionable. Therefore, as this Court has previously held, summary judgment in favor of LDV is warranted.

### D. Saroza's Motion for Summary Judgment

Because the Court has granted summary judgment in favor of LDV, there is no need to decide the class certification motion nor is there a need to address Saroza's motion for summary judgment. Accordingly, each of these motions are **DENIED AS MOOT**.

### E. LDV's Motion to Seal

LDV moves to seal Exhibit A to the Declaration of Hillary Veldhius (Doc. 61-4) submitted in support of its Opposition to Plaintiff's Motion for Class Certification, as well as portions of its brief in support of its Opposition to Plaintiff's Motion for Class Certification (Doc. 61.) Saroza does not oppose the request to seal. LDV contends that the aforementioned documents contain or refer to LDV's confidential and personal financial information. (Doc. 68-1.) LDV articulates that it would suffer a legitimate harm if this information was disclosed because LDV could be at a competitive disadvantage if its private financial information became public. (*See* Doc. 68-1 ¶3.) Furthermore, LDV states that sealing only these documents is the least restrictive means available. (*See* Doc. 68-1 ¶3.) Finding that LDV has satisfied the standard for sealing the aforementioned documents, and because there is no objection from Saroza, the Court **GRANTS** the Motion to Seal.

## IV. CONCLUSION

For the reasons contained herein, (1) Plaintiff's Motion to Certify Class (Doc. 60) is **DENIED AS MOOT**; (2) Defendant's Motion for Summary Judgment (Doc. 63) is **GRANTED**; (3) Defendant's Motion to Seal (Doc. 68) is **GRANTED**; and (4) Plaintiff's Motion for Summary Judgment (Doc. 81) is **DENIED AS MOOT**. An accompanying Order shall issue.

Dated: 6/22/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge